# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned on Briefs December 7, 2011

## WILLIAM A. HOWARD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 200A856    Monte Watkins, Judge**

_____

**No. M2010-02384-CCA-R3-PC - Filed December 20, 2011**

_____

The Petitioner, William A. Howard, pled guilty to second degree murder, and the trial court entered an agreed sentence of twenty-five years, to be served at 100%. The Petitioner filed a petition for post-conviction relief, which the post-conviction court denied after a hearing. On appeal, the Petitioner contends: that his guilty plea was not knowingly and voluntarily entered because his counsel did not inform him of the consequences of his plea and because he coerced him into pleading guilty. After a thorough review of the record and applicable authorities, we conclude there exists no error. We, therefore, affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Nathan Moore, Nashville, Tennessee for the appellant, William A. Howard.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

This case arises from the murder of Samuel Kinnard. At the hearing wherein the Petitioner pled guilty to second degree murder, the following occurred: At the start of the hearing, the trial court questioned the Petitioner about whether he was under the influence of any intoxicant or suffering from a mental illness, both questions to which the Petitioner responded negatively. The Petitioner expressed his satisfaction with his counsel's representation and his understanding of the plea that he was entering and the sentence he would receive. The trial court ensured that the Petitioner understood the rights he was waiving by pleading guilty and also ensured that the Petitioner was not promised anything or threatened in any way to obtain his plea of guilty.

The State then informed the trial court that, had the case gone to trial, the evidence would have proven:

> that on Tuesday, October the 25th, 2005, at about two-forty-five in the afternoon, the victim, Samuel Kinnard, known as Sammy, left his girlfriend, Latoya Moore's house, at 152 Dellway Drive. He was driving a brown Oldsmobile Cutlass, a car that he usually drove, and he went a short distance to . . . 2705 Dickerson Road, to a Shell Gas Station. When he went in one of the people that he saw was a woman by the name of Latasha Quarles. Ms. Quarles would have testified that when he walked into the Shell Gas Station that he looked at her, they said something like, "Good afternoon," or something to that affect, then he walked in. And after he had been in the station for just a couple of minutes, not even that long actually, the [D]efendant came in dressed in a blue dickey – from his head to toe dressed in blue. He put on a blue bandana around his head. He walked in with a black pistol and began shooting at Mr. Kinnard. Mr. Kinnard was hit five times. Once in the left knee cap. Once in the left arm. And three times he was struck in the midsection of his body. All three of those, the Medical Examiner would have testified could have caused death. And, indeed, Mr. Kinnard was found – when the police got there within a few minutes, Mr. Kinnard – there was no pulse and he died shortly thereafter.
>
> The witnesses would have testified that after [the Defendant] – who said nothing when he walked into the Shell Gas Station – after he shot him five times that he, then, turned around and fled the scene. He went to the Dellway Villa Apartments. When he got to the Dellway Villa Apartments he went to Karla Allen's door, knocking on the door. She did not let him in. Kamika Bell, he knocked on her door. And you heard from her on Tuesday of last week, Judge. Ms. Bell would have said that she did – he did knock on her door. The roommate let him in. That he came in. That he asked her to hide the weapon. That he took off his blue dickey. He wrapped his blue

2

dickey around the gun. He left the apartment. And a few – about a week later officers from the Metropolitan Police Department spoke with him, and he did come in, and spoke with Detective Jeffrey Wiser. During that interview the [D]efendant admitted finally that he did go into the Shell Gas Station, that he did shoot and kill Samuel Kinnard, and that he did take the weapon and he threw it over the bridge into the river.

Based upon this conduct, the Petitioner pled guilty to second degree murder, and the trial court entered an agreed sentence of twenty-five years, to be served at 100%.

The Petitioner filed a petition for post-conviction relief in which he alleged he received the ineffective assistance of counsel. The post-conviction court held a hearing, but the transcript of that hearing is not included in the record. The post-conviction denied post-conviction relief in a written order.

## II. Analysis

On appeal, the Defendant contends the trial court erred when it failed to grant him post-conviction relief because his trial counsel did not advise him of the consequences of pleading guilty, did not adequately investigate the case, and induced him to plead guilty. The State counters that the Petitioner, by failing to include the transcript of the guilty plea, has waived our review of these issues.

We first note that the Petitioner's brief fails to make any citation to the record to support his contentions that his trial counsel was ineffective. Rule 10(b) of the Rules of this Court provides, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." We conclude the Petitioner has waived our review of these issues for this reason.

Further, we agree with the State that the incomplete record precludes appellate review in this case. An appellant has the duty of preparing a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis of the appeal. Tenn. R. App. P. 24(b). In the absence of a complete record, this Court is precluded from reviewing any issues raised by an appellant and must presume the trial court's findings were correct. *See State v. Groseclose*, 615 S.W.2d 142 (Tenn. 1981). Without the transcript of the post-conviction hearing, we must presume that the post-conviction court correctly dismissed the Petitioner's petition.

## III. Conclusion

Based on the above mentioned reasoning and authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE